UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHELSIE ROBINSON,

Plaintiff,

-against-

TRIPPIE REDD, et al.,

Defendants.

26-CV-6115 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action asserting claims against hundreds of musical artists, including Christina Aguilera, Bad Bunny, Justin Bieber, Garth Brooks, Lady Gaga, MC Hammer, Paul McCartney, and Nelly. By separate order dated July 30, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**STANDARD OF REVIEW**

Under the IFP statute, a federal district court must dismiss a complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The court also must dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, courts are obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). Still, the "special

solicitude" in *pro se* cases has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. *Id.* at 475 (citation omitted).

**BACKGROUND**

The following allegations are drawn from the tenth amended complaint.[1] "Plaintiff independently created, composed, and recorded all of the original songs, lyrics, flows, cadences, and vocal guide structures that form the basis of this action." (ECF 24, at 6.) "Defendants have systematically stolen Plaintiff's intellectual property, work, and career assets." (*Id.*) "Defendants did not record their own original vocal styles, cadences, or delivery configurations; rather, Defendants listened to Plaintiff's original recordings and meticulously copied Plaintiff's singing, rapping, vocal styling, flows, and precise cadences down to a tee." (*Id.*) "Defendants have systematically misappropriated Plaintiff's music starting from as early as infancy and throughout childhood, continuing across Plaintiff's entire life and encompassing every original work created." (*Id.*)

Plaintiff further alleges that:

> Defendants have acted as slave owners over Plaintiff's career and labor, subjecting Plaintiff to ongoing slavery and severe malice. While the newer and more recent artist Defendants directly tortured Plaintiff during 2020, this occurred as a direct result of all the named Defendants, who generated substantial wealth from Plaintiff's work. After the fact, Defendants failed to disclose the facts of the exploitation, gave Plaintiff nothing in return, and withheld the financial wealth generated from Plaintiff's labor.

(*Id.* at 7.)

[1] From July 18, 2026, through November 8, 2026, Plaintiff has filed 10 pleadings. The Court quotes from the tenth amended complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

## DISCUSSION

### A. Plaintiff's claims are frivolous

The IFP statute requires a court to dismiss a complaint, or a portion of the complaint, if it determines that the action is frivolous or malicious under 28 U.S.C. §1915(e)(2)(B)(i). "[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted)); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact.").

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Id.* Rather, a complaint must include a factual basis in support of the complaint's claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level[.]") (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Plaintiff's complaint is premised upon her belief that hundreds of musical artists all stole her creations, starting when she was an infant and continuing through her childhood. These allegations amount to conclusory allegations and suspicions that are "wholly incredible."

*Denton*, 504 U.S. at 33. Accordingly, the Court finds that Plaintiff does not provide any plausible factual support for her claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. The Court therefore dismisses the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke*, 490 U.S. at 323 (noting that the IFP statute "authoriz[es] *sua sponte* dismissal of an *in forma pauperis* complaint "only if the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief").

**B. Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that he is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (holding that district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court directs the Clerk of Court to deny the motions at ECF 14, 16, 17, and 21 as moot and to terminate the motions.

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated: November 14, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.